IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DJUANA ROBINSON and RONALD JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LOWE'S HOME CENTERS, INC., et al. | : | NO. 06-4403 |

ORDER AND OPINION

JACOB P.  HART                                  DATE:   September 19, 2007
UNITED STATES MAGISTRATE JUDGE

For the reasons that follow, I will grant NASCO Services's motion to dismiss Plaintiffs' complaint against it.

I.      Factual and Procedural Background

In this action, plaintiffs Djuana Robinson and Ronald Johnson, a married couple, seek to recover for injuries they sustained on June 18, 2005, in the collapse of a piece of patio furniture upon which they sat in a Lowe's Home Centers retail location.  On November 30, 2006, Defendant Lowe's Home Centers, Inc., ("Lowe's") joined as a third-party defendant NASCO Services ("NASCO"), which Lowe's alleges assembled the relevant piece of furniture.  Plaintiffs filed a complaint against NASCO on August 8, 2007.

The Pennsylvania statute of limitations for a personal injury action is two years.  42 Pa. C.S.A. § 5524(2).  Because the Plaintiffs' complaint against NASCO was filed over two years after their June 18, 2005, accident, NASCO maintains the complaint should be dismissed as untimely.  Plaintiffs, however, argue that, under the discovery rule, the statute of limitations for their action against NASCO should be deemed to have been tolled only on November 30, 2006, when they first learned of NASCO's existence.

II.     Legal Standards

As a general rule, it is the duty of the party asserting a cause of action to properly inform

himself of the facts and circumstances upon which his or her alleged right of recovery is based

within the prescribed period.  Floyd v. Brown & Williamson Tobacco Corp. 159 F. Supp.2d 823,

829 (E.D. Pa. 2001), citing Crouse v. Cyclops Industries, 560 Pa. 394, 403  (2000).  In some

cases, however, the discovery rule will extend the statute of limitations.

Plaintiffs have pointed to Fine v. Checcio, 870 A.2d 850 (Pa. 2005) as the leading

Pennsylvania case respecting the discovery rule, and they describe the case as stating that "the

statue of limitations does not begin to run until the injured party discovers or reasonably should

discover the connection between his or her injuries and the conduct of another."  This is not

precisely accurate.  In Fine, the Pennsylvania Supreme Court explained:

> The purpose of the discovery rule has been to exclude from the running of the
> statute of limitations that period of time during which a party who has not suffered
> an immediately ascertainable injury is reasonably unaware he has been injured, so
> that he has essentially the same rights as those who have suffered such an injury.
> ... As the discovery rule has developed, the salient point giving rise to its
> application is the inability of the injured, despite the exercise of reasonable
> diligence, to know that he is injured and by what cause.

870 A.2d at 858.

Situations giving rise to the development of the discovery rule include a case where a

plaintiff could not have known that a trespasser had subterraneously extracted coal from his land,

and one where a plaintiff was held entitled to present evidence that he could not have known that

pain that he experienced was the result of a sponge left in his body during surgery.  Fine, supra,

citing Lewey v. H.C. Frick Coke Co., 166 Pa. 536, 31 A. 261 (1895); Ayers v. Morgan, 397 Pa.

2892, 154 A.2d 788, 791 (1959).

2

Uncertainty as to the identity of a defendant is not the sort of lack of knowledge which triggers the discovery rule. "The Pennsylvania Superior Court has generally found the discovery rule inapplicable in cases where a plaintiff was aware of an injury and its cause but had not determined the identity of the defendants within the limitations period." In re Mushroom Transportation Company, Inc., 247 B.R. 395, 400 n. 8 (E.D. Pa. 2000); Guenther v. Quartucci, Civ. A. No. 94-2966, 1996 WL 67616, at *2 (E.D. Pa. Feb. 12, 1996), citing Cathcart v. Keene Indus. Insulation, 471 A.2d 493, 501 (Pa. Super. 1984), Piccolini v. Simon's Wrecking, 686 F. Supp. 1063, 1073 (M.D. Pa. 1988), and Merry v. Westinghouse Electric Corp., 684 F. Supp. 852, 855 (M.D. Pa. 1988).

In a very recent decision, the District Court for the District of New Jersey refused to permit a plaintiff to join an additional defendant after the expiration of the limitations period, although the plaintiff claimed that the discovery rule delayed the tolling of the statute of limitations until the date the plaintiff found out about the involvement of that individual, a Lieutenant Burns. Revell v. Port Authority of New York and New Jersey, Slip Copy, Civ. A. No. 06-402 (KSH), 2007 WL 2462627 at *4, note 4 (D.N.J. Aug. 27, 2007).

The court wrote: "The focus of the discovery rule inquiry should center upon an injured party's knowledge concerning the origin and existence of his injuries as related to the conduct of others. Knowledge of the exact identity of who caused the injury is not required." Id., citing Cruz v. City of Camden, 898 F. Supp. 1100, 1113-1114 (D.N.J. 1995).

Applying the law to the facts before it, the Revell court wrote:

The plaintiff does not contend that he was unaware that he was injured. To the contrary, plaintiff recognized his alleged injury and filed a timely lawsuit against defendants Port Authority and Officer Erickson. Although the exact identity of others who might have caused his injury, such as Lieutenant Burns, might have become known shortly before and again confirmed after the statute of limitations ran, the case law makes clear that the focus of the discovery rule is on the recognition of the injury and not those who allegedly caused it.

Id.

Whether the injured party exercised the required reasonable diligence "to know that he is injured and by what cause" is often decided by a jury. Fine, supra, and quoting Pocono International Raceway, Inc. v. Pocono Produce, Inc., 503 Pa. 80, 468 A.2d 468, 471 (1983). "Where, however, reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law." Fine, at 858-859.[1]

III.    Discussion

As in Revell, Plaintiffs here have not argued that they were unaware of the origin or existence of their injuries. Plaintiffs knew on June 18, 2005, that they were harmed by the collapse of a patio glider. It was their duty to determine the identity of the defendants before the running of the two-year statute of limitations. Under the caselaw discussed above, the discovery rule clearly has no application here.

In fact, if the Plaintiffs only learned of NASCO when Lowe's filed its joinder complaint against NASCO on November 30, 2006, they had over six months from that date to file an

---

[1]In Fine, the issue was whether a dental patient who knew immediately after a procedure that he experienced numbness, was entitled to the benefit of the discovery rule on the basis that he could not reasonably have known within the limitations period that the numbness was a permanent injury, and not a temporary post-operative condition. 870 A.2d at 861-862. The Fine court concluded that the trial court should have permitted the jury to make this factual inquiry.

4

amended complaint before the statute of limitations expired on June 17, 2007.  They have not

explained why this did not happen.  This fact is not legally relevant here, since, if the discovery

rule were found to apply, it would not matter whether Plaintiffs discovered their injuries within

or after the limitations period.  Fine, supra, at 870 A.2d 859.  However, it shows that the denial

of the protection of the discovery rule will not lead to an unjust result in this case.



BY THE COURT:


/s/Jacob P. Hart

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE